## GARVEY *vs.* DOBYNS.

1. The action of debt, for rent in arrear, though founded on a deed, is an exception to the general rule, that wherever an action is founded on a deed, the deed must be declared on.

2. A lessor cannot recover for one month's rent in arrear, accruing under a lease by which the lessee was only bound to pay at the end of every three months.

## APPEAL from St. Louis Court of Common Pleas.

TOWNSEND, *for Appellant.*

The appellant insists that the finding of the court was not justified by the evidence, and consequently that the court erred in overruling his motion for a new trial. He makes the following points:—

1st: The action was *assumpsit*, which is not supported by proof of a contract under seal.

2d: The instrument under seal was either in force, or not in force. If the endorsement upon the back of it, not being under seal, was insufficient as a cancellation of the instrument, then it was in force at the time of the bringing of the suit, and the plaintiff, by the terms of the instrument, had, *at that time*, no cause of action.

3d: But if the endorsement operated as a cancellation of the instrument, by the very terms of that cancellation the defendant is exonerated from further liability or responsibility on account thereof, *from and after that date*, at which date nothing was due.

4th: That both parties, the one in cancelling, and the other in consenting to the cancellation, of said instrument, must be presumed to *know the law*, and to have *contemplated* the legal effect of their acts.

5th: That the legal effect of their acts was, (if the said endorsement operated at all,) to annul and destroy the only contract which had ever existed upon the subject matter, and the only one upon which the plaintiff could in any case recover; the law never *implying* a contract where the parties have made one for themselves, by the terms and conditions of which they have mutually agreed to be bound. Were the law otherwise, a party, at any time dissatisfied with his contract, might waive it, and subject the defendant to liability in a way that he had never contemplated or consented to.— See 1 Chitty's Plead., 91, 92; Grimman *vs.* Legge, Barn. and Cross, 324; Young *vs.* Preston, 4 Cranch., 239; Cook *vs.* Jennings, 7 Term Rep., 377; Clendennen *vs.* Paulsel, 3 Mo. Rep., 230; Crump *vs.* Mead, 3 *Ibid.*, 233; Helm *vs.* Wilson, 4 *Ibid.*, 41.

6th: That no liability can be *inferred* from the defendant's consent to be *released* from liability, as his *non-liability* may reasonably be supposed to have constituted the *consideration* for such *consent.*

---

*Garvey* vs. *Dobyns.*

---

7th: That, even could an implied liability spring up out of the circumstance of the defendant's *consenting* to the cancellation of the sealed instrument, it could arise only upon the supposition of the defendant's having had the *use and occupation* of the premises during the said month, of which use and occupation, however, there was *no* evidence before the court.

8th: That, whatever may have been the intentions of the parties, or either of them, the *mistakes* of the parties cannot be remedied in courts of law.

NAPTON, J., *delivered the opinion of the Court.*

Dobyns filed in the office of a justice of the peace for St. Louis county, an account against the appellant, in the following terms:—

" *St. Louis*, April 8, 1842.
"CHRISTOPHER GARVEY,                *To* EDWARD DOBYNS,                *Dr.*
" To one month's rent for house in Morgan-street, St. Louis, at $29 67;—month ending on the 23d March last.
"Credit, by one grate and fixtures, $10.—Balance due, $19 67."

Upon this complaint a summons issued, a trial was had before the justice, and the plaintiff, Dobyns, recovered a judgment for the amount specified in his account.

Upon appeal to the Court of Common Pleas, where, in conformity to the provisions of our statute, the case was tried *de novo*, the plaintiff gave in evidence an agreement under seal, by which Dobyns rented to Garvey the house on Morgan-street for three years, Garvey agreeing to pay, as rent, at the rate of three hundred and fifty dollars per annum, to be paid quarterly. An endorsement appeared on the back of this lease in the following words:—"I hereby cancel this lease, and exonerate C. Garvey from further responsibility or liability on account of same, from and after this date.—St. Louis, 23d March, 1842.          "E. DOBYNS."

There was also read an acknowledgment of Garvey, made before the justice of the peace who tried the cause, in the following words:—"I, Ch. Garvey, do hereby acknowledge that the lease upon which I held the house aforesaid was cancelled, and rendered null and made void by my consent, with above-named plaintiff, on the 23d March, 1842.                          "C. GARVEY."

The plaintiff then offered to prove by parol, use and occupation of the premises by the appellant, up to the time of the cancellation of said agreement, but the evidence was objected to, and the Court of Common Pleas ruled the evidence inadmissible. No other evidence than the writing above specified was given, and upon this state of the facts the court was called upon to decide that the plaintiff could not recover, but the court refused so to decide, and gave judgment for the amount of plaintiff's demand before the justice.

A motion for a new trial was made upon the several grounds, which was overruled, and exceptions taken to the opinion of the court.

The action on the case for use and occupation was first given in England by the statute of 2 George II., ch. 19, sec. 14, which provided, that "landlords, *where the agreement is not by deed*, may recover a reasonable satisfaction for the lands, tenements, or hereditaments, held or occupied by the defendant, in an action on

the case for the use and occupation of what was so held or enjoyed; and if, in evidence on the trial of such action, any parol demise or any agreement, (not being by deed,) whereon a certain rent was reserved, shall appear, the plaintiff in such action shall not, therefore, be nonsuited, but may make use thereof as an evidence of the *quantum* of damages to be recovered." (2 Selw. N. P., 1078.) The statute is substantially copied in our acts concerning landlords and tenants. (Revised Code, 1835, p. 277.) Before the statute of George II., ch. 19, debt or covenant was the only remedy for rent in arrear, and *indebitatus assumpsit* would not lie.

The statute is expressly confined to cases where the agreement is not by deed, and it is well settled, that an action of assumpsit for use and occupation will not lie where rent is reserved by deed, the proper action in such cases being debt or covenant.—Codman and Othres *vs.* Jenkins, 14 Mass. Rep., 95.

If the suit before the justice is to be regarded as an action of assumpsit for use and occupation, the deed from Dobyns to Garvey was inadmissible, and the plaintiff was not entitled to recover in that form of action. It cannot be very material, however, under our laws, in what particular form an action is commenced before a justice of the peace, provided there be a substantial cause of action, and due notice given to the adverse party, of the nature of the demand, either by a bill of items, (Rev. Code, 1835, p. 351, sec. 9,) or by filing with the justice the instrument of writing, where such instrument is the foundation of the demand, (Rev. Code, 1835, p. 350, sec. 6,) or by a verbal statement made at the instance either of the defendant or the justice, of the nature of the demand. (Rev. Code, 1835, p. 354, sec. 8.) This suit may be regarded, therefore, as an action of debt for rent arrear, looking at the proof upon which alone the action was sustained; for the action of debt for rent in arrear, though founded on a deed, is an exception to the general rule, that wherever an action is founded on a deed, the deed must be declared on, and in this case it is not necessary to declare on the deed. (1 Selw. N. P., 450.) It was therefore unnecessary for the deed to be filed with the justice before process issued.

Viewing the action in this light, it cannot be material whether the cancellation, being by parol, was effectual or not, inasmuch as the suit was brought for arrears of rent, accruing under and by virtue of the lease, previous to its supposed cancellation. Could the plaintiff, then, recover for one month's rent in arrear, under a lease by which the defendant was only bound to pay at the end of every three months? Taking the lease by itself, and without reference to the agreement for cancellation, it seems beyond dispute that the plaintiff could not have a cause of action under that lease, until some one of the quarterly payments was due.

We give no opinion in relation to the cancellation of the lease by Dobyns, and the agreement of Garvey entered before the justice, forasmuch as the action here was clearly not founded upon a supposed contract between the parties, apart from the lease.

Judgment reversed.